J-S68002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD UPSHUR, | |
| Appellant | No. 99 EDA 2015 |

Appeal from the PCRA Order Entered December 16, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0720561-1974

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 23, 2015**

Appellant, Ronald Upshur, appeals *pro se* from the December 16, 2014 order denying, as untimely, his petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of Appellant's case, as follows:

> On March 21, 1975, [Appellant] was found guilty of first degree murder, two counts of robbery, and criminal conspiracy following a jury trial before the Honorable Judge Edwin S. Malmed of the Court of Common Pleas of Philadelphia County. On February 10, 1976, following the denial of post-trial motions, [Appellant] was sentenced by Judge Malmed to life imprisonment for the murder conviction, and twenty-five to fifty years' imprisonment for the remaining convictions.  The Pennsylvania Supreme Court vacated the judgment of sentence on February 4, 1980, and remanded [Appellant's] case for a new trial.  After a second jury trial before the Honorable Judge Theodore B. Smith [in May of 1980], [Appellant] was again convicted of first degree murder, robbery and conspiracy.  On October 23, 1980, [Appellant] was sentenced to life imprisonment for the murder

conviction. [Appellant] did not file an appeal from the entry of [his] judgment of sentence.

On July 24, 1985, [Appellant] filed his first post conviction petition under the Post Conviction Hearing Act (PCHA). The petition was denied on January 21, 1988, and upon timely appeal, the Superior Court dismissed his appeal for failure to file a brief. On May 24, 1990, [Appellant] had his right to appeal his denial of his PCHA petition reinstated *nunc pro tunc*. After a second timely appeal, the Superior Court affirmed the lower court's dismissal of [Appellant's] PCHA petition. **Commonwealth v. Upshur**, 588 A.2d 565 (Pa. Super. 1990) [(unpublished memorandum)], *appeal denied*, 527 Pa. 665 (1991). [Appellant] then pursued multiple, unsuccessful PCRA petitions.

[Appellant] filed his current post conviction petition on April 18, 2012. After conducting an extensive and exhaustive review of the record and applicable case law, this Court determined that [Appellant's] petition seeking post conviction collateral relief was untimely filed. Therefore, this Court did not have jurisdiction to consider [Appellant's] PCRA petition.

PCRA Court Opinion (PCO), 3/4/15, at 1-2.

Based on its finding of untimeliness, the PCRA court provided Appellant with the requisite Pa.R.Crim.P. 907 notice of its intent to dismiss his petition, to which Appellant filed a timely *pro se* response. On December 16, 2014, the court issued an order denying his petition as untimely filed. Appellant filed a timely, *pro se* notice of appeal. Herein, he raises one issue for our review: "Whether the PCRA court erred in finding that [Appellant's] PCRA petition was untimely filed and [that he was] not entitled to the enumerated exceptions under 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii)." Appellant's Brief at IV (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date on which the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United

States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant did not file an appeal from the judgment of sentence imposed on October 23, 1980; accordingly, it became final on Monday, November 24, 1980.[1] *See* 42 Pa.C.S. § 9545(b)(3) (directing that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (stating that "the notice of appeal [to the Superior Court] shall be filed within 30 days after the entry of the order from which the appeal is taken"). Consequently, Appellant's current PCRA petition, filed on April 18, 2012, is facially untimely and, for this Court to have jurisdiction to review the merits thereof,

_____

[1] We acknowledge that,

[i]n cases where the judgment of sentence was final prior to the 1995 enactment of the timeliness requirement, a *first* petition is considered timely if filed within one year of the effective date of the enactment. However, there is no grace period for filing subsequent PCRA petitions.

*Commonwealth v. Abu-Jamal*, 833 A.2d 719, 724 (Pa. 2003) (citations omitted; emphasis in original). Clearly, this exception to the timeliness requirement of section 9545(b) does not apply to Appellant's petition, which is not his first, and which was filed in 2012.

Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant contends that he has satisfied both sections 9545(b)(1)(i) and (ii). Appellant grounds his argument pertaining to both of these exceptions on the following facts. According to Appellant, at the time of his second trial in 1980, the Commonwealth misinformed the trial court and Appellant that a potential witness, Stanley Yates, was unavailable to testify because he was "believed to be in North Carolina." Appellant's Brief at 6-7. Appellant explains that "[i]n a statement to police prior to [Appellant's] first trial, Stanley Yates identified [Appellant] as the perpetrator of the robbery and homicide; [however, Appellant] has always believed that [] Yates never made such a statement and that, had he been available for [Appellant's second] trial, he would have given exculpatory testimony." *Id.* at 7. Specifically, Appellant contends that Yates would have testified "that he never gave the police any information which implicated [Appellant] in any crime." *Id.* at 6. However, Yates was not called to the stand because, according to the Commonwealth, he was in North Carolina and was unavailable to testify.

Appellant further explains that on February 12, 2012, a friend of his "went to the Criminal Justice Center in Philadelphia, [Pennsylvania,] and [obtained] a copy of a document titled [']Secure Court Summary['] for Mr. Stanley Yates[.]" Appellant's Brief at 7 (unnecessary capitalization and emphasis omitted). Appellant maintains that Yates' court summary (which

he attached to his appellate brief) confirms that Yates "was in custody within the State of Pennsylvania at the time of [Appellant's] second trial, contrary to what the prosecutor told the court." *Id.* Because Appellant filed his current PCRA petition within 60 days of discovering this 'new fact' that Yates was incarcerated in Pennsylvania – and, therefore, was presumably available to testify – at the time of Appellant's second trial, Appellant contends that he has satisfied the after-discovered fact exception of section 9545(b)(1)(ii). He also argues that the Commonwealth withheld the evidence of Yates' incarceration in Pennsylvania from the defense, constituting a violation of **Brady v. Maryland**, 373 U.S. 83 (1963), and satisfying the governmental interference exception of section 9545(b)(1)(i).

Even if Yates' court summary proved that he was incarcerated in Pennsylvania at the time of Appellant's second trial,[2] Appellant has failed to prove he could not have discovered this fact earlier had he exercised due diligence. As this Court recently stated, "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover

_____

[2] The court summary attached to Appellant's brief shows that Yates was arrested for various offenses on September 29, 1979, and was sentenced to a term of incarceration in that case on September 16, 1980. However, the court summary does not demonstrate on what date Yates was convicted, or whether he was incarcerated for the entire period of time between September of 1979 and September of 1980. Therefore, we disagree with Appellant that Yates' court summary definitively proves that he was incarcerated in May of 1980 when Appellant's second trial was conducted.

facts that may support a claim for collateral relief." ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*). Here, Appellant declares that he "has always believed that Stanley Yates was available to testify at his second trial[,]" yet he offers no explanation of what, if any, efforts he undertook, prior to 2012, to ascertain whether Yates was, in fact, available during his trial in May of 1980. Thus, he has failed to meet his burden of proving that he acted with due diligence in discovering this 'new fact.'

Moreover, the fact that Yates was incarcerated at the time of Appellant's second trial in 1980 was a matter of public record, and because Appellant was represented by counsel at that time, we presume that he had access to that public information. ***See Burton***, 121 A.3d at 1072 (concluding that "[t]he general rule" that public information cannot be 'unknown,' for purposes of proving the exception of section 9545(b)(1)(ii), "is reasonable when we may conclude that the petitioner retains access to public information, such as when a petitioner is represented by counsel[;]" however, "the presumption of access to information available in the public domain does not apply where the untimely PCRA petitioner is *pro se*").[3]

---

[3] We also point out that because Yates' criminal record was/is public information, and was equally accessible to Appellant at the time of his second trial, the Commonwealth cannot be deemed to have 'withheld' that evidence in violation of ***Brady***. ***See Commonwealth v. Ligons***, 971 A.2d 1125, 1146 (Pa. 2009) (citing ***Commonwealth v. Brown***, 872 A.2d 1139, 1148 (Pa. 2005) (holding that the Commonwealth has no obligation to
*(Footnote Continued Next Page)*

Additionally, Appellant concedes that he had access to Yates' record by acknowledging that his friend obtained a copy of it simply by going to the "Criminal Justice Center in Philadelphia…." Appellant's Brief at 7. Appellant does not explain why his friend could not have taken this same step to obtain Yates' criminal record earlier than 2012.

Accordingly, Appellant has failed to prove that he could not have discovered sooner that Yates was incarcerated in Pennsylvania at the time of Appellant's second trial in 1980. Thus, he has not satisfied either of the exceptions set forth in section 9545(b)(1)(i) or (ii), and the PCRA court did not err in denying his petition as untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2015

_(Footnote Continued)_ ————————

provide a defendant with the criminal history of the victim where that record is equally accessible to the defense)).